UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Richard Joseph Jacobson,            Civil No. 07-4420 (DWF/RLE)

       Plaintiff,

v.                                   **JURY INSTRUCTIONS**

Dan Mott,

       Defendants.

MEMBERS OF THE JURY:

Now that you have heard the evidence, it becomes my duty to give you the instructions of the court as to the law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you and to apply that law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me.

The questions that you must decide will be submitted to you in the form of a Special Verdict consisting of three questions. You must answer these questions by applying the facts as you may find them to be. I shall give to you the rules of law that apply to these questions and you must apply them in arriving at your answers. It is the duty of the court to order judgment according to the law and the answers you have returned.

Counsel have quite properly referred to some of the governing rules of law in their arguments. If, however, any difference appears to you between the law as stated by counsel and that stated by the court in these instructions, you of course are to be governed by the instructions.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case, or what that opinion is. And you must not read into these instructions, or into anything the court may have said or done, any suggestion from the court as to what verdict you should reach. I have not intended during the course of the trial to indicate my opinion regarding the facts or the outcome of the case. If during this trial I have said or done anything which has suggested to you that I am inclined to favor the claims or positions of either party, you must not allow yourselves to be influenced by any such suggestion. I have not expressed, nor intended to express, nor have I intended to intimate, any opinion as to which witnesses are or are not worthy of belief. If any expression of mine has seemed to indicate an opinion relating to any of these matters, I instruct you to disregard it. It is not my function to determine the facts, but rather yours.

Deciding questions of fact is your exclusive responsibility. In doing so, you must consider all of the evidence you have heard and seen in this trial and the reasonable inferences to be drawn from that evidence. And you must disregard anything you may have heard or seen elsewhere about this case.

You must perform your duties as jurors without bias or prejudice to any party. The law does not permit you to be governed by sympathy, prejudice, or public opinion.

All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses, regardless of who may have called them; and all exhibits received in evidence, regardless of who may have produced them.

Some exhibits received into evidence during the trial and some testimony that was permitted by the court were received or allowed for a limited purpose. You must follow any limiting instructions that I have given you throughout the trial as they relate to testimony of a witness or to the receipt of an exhibit into evidence and consider the admitted evidence only for the limited purpose stated by the court and no other.

Any evidence as to which an objection was sustained by the court, and any evidence ordered stricken by the court, must be entirely disregarded. If an objection was overruled, treat that answer like any other. By receiving evidence to which objection was made, I did not intend to indicate the weight to be given such evidence.

If a lawyer asked a witness a question which contained an assertion of fact, you may not consider the assertion as evidence of that fact unless the witness agreed to it. The lawyers' questions and statements are not evidence.

There has been a lot of discussion about the facts and proof by each of the attorneys. I want to talk with you about some of the principles involved, not the facts themselves. How are the facts in a case to be proved or established?

There are, generally speaking, two types of evidence from which a jury may properly find the truth as to the facts of a case. One is direct evidence—such as the testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances pointing to the existence or non-existence of certain facts.

As a general rule, the law makes no distinction between direct or circumstantial evidence, but simply requires that the jury find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

You, as jurors, are the sole judges of the believability of the witnesses and the weight their testimony deserves. After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves.

You may, in short, accept or reject the testimony of any witness in whole or in part.

You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given.

You should carefully scrutinize all testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. You may consider each witness's intelligence, motive and state of mind, and demeanor or manner while on the stand. You may consider the witness's ability to observe the matters as to which the witness has testified and whether the witness impresses you as having an accurate recollection of these matters. You may consider also any relation each witness may bear to either side of the

4

case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause the jury to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently; and innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail and whether the discrepancy results from innocent error or intentional falsehood.

You are to consider only the evidence in the case. But, in your consideration of the evidence, you are not limited to the bald statements of the witnesses. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw, from facts which you find have been proven, such reasonable inferences as seem justified in the light of your experience. Inferences are deductions or conclusions which reason and common sense lead the jury to draw from facts which have been established by the evidence in the case.

A witness may be discredited or impeached by contradictory evidence, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness's present testimony.

If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such weight, if any, as you may think it deserves.

Evidence that, at some other time while not under oath a witness who is not a party to this action has said or done something inconsistent with the witness's testimony at the trial, may be considered for the sole purpose of judging the credibility of the witness.  However, such evidence may never be considered as evidence of proof of the truth of any such statement.

Where the witness is a party to the case, and by such statement or other conduct admits some fact or facts against the witness's interest, then such statement or other conduct, if knowingly made or done, may be considered as evidence of the truth of the fact or facts so admitted by such party, as well as for the purpose of judging the credibility of the party as a witness.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such witness's testimony in other particulars and you may reject all of the testimony of that witness or give it such weight as you may think it deserves.

An act or omission is "knowingly" done if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses which does not produce in your minds belief in the likelihood of

truth, as against the testimony of a lesser number of witnesses or other evidence which does produce such belief in your minds.

The testimony of a single witness which produces in your minds belief in the likelihood of truth is sufficient for the proof of any fact and would justify a verdict in accordance with such testimony.

The test is not which side brings the greater number of witnesses, or presents the greater quantity of evidence, but which witness, and which evidence appeals to your minds as being most accurate, and otherwise trustworthy.  You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial.  Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

It is your responsibility to decide whether the Plaintiff has proven his claim against the Defendant, Dan Mott, by a preponderance of the evidence.  The burden is on the Plaintiff, Richard Joseph Jacobson, in a civil action such as this, to prove every essential element of his claim by a preponderance of the evidence.  If the proof should fail to establish any essential element of the claim by a preponderance of the evidence in the case, the jury should find for the Defendant as to that claim.

Those of you who have sat on criminal cases will have heard of "proof beyond a reasonable doubt."  The standard of proof in a criminal case, however, is a stricter

7

standard, requiring more than a preponderance of the evidence.  The reasonable doubt standard does not apply to a civil case and you should put that standard out of your mind.

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so.  In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true.  This rule does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proven by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

When I say in these instructions that a party has the burden of proof on any proposition, or use the expression "if you find," or "if you decide," I mean you must be persuaded, considering all of the evidence in the case, that the proposition is more probably true than not true.

In this case, Defendant Dan Mott had a valid arrest warrant and, therefore, had a lawful basis to arrest Plaintiff Richard Joseph Jacobson on Saturday, June 18, 2005.  In doing so, he had a legal right to take Plaintiff into custody by placing handcuffs on him, placing Plaintiff in the back of his squad car, and transporting him to the Mille Lacs County Jail to be booked on the outstanding arrest warrant.  Plaintiff Richard Joseph Jacobson alleges, however, that the Defendant, Dan Mott, caused him to be arrested and

detained for the additional offense of obstructing legal process with force or violence or the threat thereof without probable cause to believe that he committed that offense, resulting in Plaintiff's detention in jail until the following Monday.

You are instructed that citizens have a Constitutional right to speak without facing retaliation from government officials.  In particular, citizens are permitted to question the reason for an arrest and when an individual is arrested upon a warrant, the arresting officer need not have the warrant in possession at the time of the arrest, but must inform the defendant of the existence of the warrant and of the charge.

In Minnesota, a person may be charged with the misdemeanor of obstructing legal process when the person obstructs, resists, or interferes with a peace officer while the officer is engaged in the performance of official duties.  A person may also be charged with a gross misdemeanor obstruction crime if the act was accompanied by force or violence or the threat thereof.  The statute is directed at physical obstruction, and physically obstructing or interfering with a police officer involves not merely interrupting an officer but substantially frustrating or hindering the officer in the performance of his duties.  The statute does not apply to oral criticism of an officer, but in limited circumstances can apply to "fighting words" or any other words that by themselves have the effect of physically obstructing or interfering with a police officer in the performance of his duties.  The terms "force" and "violence" are distinct and common terms that you are to construe according to their common usage and understanding.

When a person in Minnesota is arrested for a misdemeanor offense, the arresting officer is required to release the arrested person by issuing a citation, unless it reasonably

9

appears to the officer that arrest or detention of the person is necessary to prevent bodily harm to the accused person or another or to prevent further criminal conduct, or that there is a substantial likelihood that the accused person will fail to respond to the citation. When an officer arrests a person for a gross misdemeanor offense, the arresting officer may issue a citation instead of taking the person into custody, but, if an arrest is made, the accused person may be held without bail for up to 48 hours from the time of the arrest, including Saturdays, Sundays and legal holidays.

You are instructed that probable cause exists to charge a person with a crime if, at the moment the arrest was made, the facts and circumstances within the officer's knowledge and of which he had reasonably trustworthy information were sufficient to warrant a prudent person in believing that an offense had been committed.  The requirement that probable cause exist for an arrest is a Constitutional right.  In this case, a state court judge ultimately determined that probable cause did not exist to charge the Plaintiff with obstructing legal process with force or violence or the threat thereof.  This decision is not, however, determinative of your decision in this case.

It is possible for an officer to reasonably believe that probable cause exists for an arrest under circumstances where probable cause for a criminal charge is later found by a court to be lacking.  Because police officers often confront ambiguous situations, room must be allowed for some mistakes on their part.  An officer is not required to conduct a mini-trial in the field before making an arrest.  However, the mistakes must be those of a reasonable officer.  An officer is not personally liable for an arrest if the officer is wrong

in concluding probable cause is present, so long as he was objectively reasonable in making the arrest.

If the Defendant's actions in arresting and detaining the Plaintiff for obstructing legal process with force or violence or the threat thereof were unreasonable, it does not matter whether the Defendant had good motivations.  And an officer's improper motive is irrelevant to the question whether the objective facts available to the officer at the time gave rise to arguable probable cause.

Therefore, the issue before you is not whether probable cause existed for the Plaintiff's arrest for obstructing legal process with force or violence or the threat thereof. Instead, the issue before you is whether arguable probable cause existed for the arrest. You are instructed that arguable probable cause exists if the officer's actions are objectively reasonable in light of the facts and circumstances confronting the officer.  Put another way, if a reasonable officer would hold a reasonable belief that arresting the Plaintiff for obstructing legal process with force or violence or the threat thereof was lawful, then the Defendant cannot be liable.

The Defendant has stated that the Plaintiff struggled during the arrest and hindered the Defendant's efforts to take the Plaintiff into custody by force.  Therefore, the Defendant contends his actions were reasonable and arguable probable cause existed for the arrest for obstructing legal process with force or violence or the threat thereof.  The Plaintiff denies that he struggled or hindered the arrest with force or violence or the threat thereof.

For the Plaintiff Richard Joseph Jacobson to establish his claim against the Defendant, he must prove by a preponderance of the evidence that the Defendant's actions in arresting him for obstructing legal process with force or violence or the threat thereof were not objectively reasonable and, therefore, were not supported by arguable probable cause. If the Plaintiff does not prove this by a preponderance of the evidence, then your verdict must be for the Defendant.

If you determine that the Plaintiff has proved his claim, then you must award him such sum of money as you find from a preponderance of the evidence will fairly and justly compensate him for any damages you find he sustained, up to the time of your verdict, and is reasonably certain to sustain in the future, as a direct result of the violation of his constitutional rights.

A party seeking damages must prove the nature, extent, duration, and consequences of the harm that he or she suffered. Damages must be reasonable.

In determining the amount of damages, if any, that you decide to award, you should be guided by dispassionate common sense. You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guess work. On the other hand, the law does not require that the Plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

Counsel have discussed with you the law relating to damages and how they are determined. If, however, there is any difference between my instructions and the arguments of counsel, you are, of course, governed by my instructions.

If you find in favor of the Plaintiff, then you must award the Plaintiff such sum as you find from the preponderance of the evidence will fairly and justly compensate him for any damages that you find he sustained and is reasonably certain to sustain in the future as a direct result of Defendant's conduct. You should consider the following elements of damages: the physical pain and mental suffering that the Plaintiff has experienced and is reasonably certain to experience in the future; the nature and extent of the injury; and whether the injury is temporary or permanent. You may award damages for the following items if the evidence shows they resulted from the incident: past damages for bodily and mental harm.

If you find in favor of the Plaintiff as to his claim against the Defendant, but you find that the Plaintiff's damages have no monetary value, then you must return a verdict in Plaintiff's favor for the nominal sum of $1.

In addition to compensatory damages, the law permits the jury under certain circumstances to award the injured person punitive damages in order to punish a defendant for some extraordinary misconduct and to serve as an example or warning to others not to engage in such conduct.

If you find in favor of Plaintiff Richard Joseph Jacobson and against the Defendant Dan Mott, and if you find that the conduct of the Defendant was recklessly or callously indifferent to Plaintiff's rights, then you may, but are not required to, award

13

Plaintiff an additional amount of punitive damages if you find it is appropriate to punish the Defendant or deter the Defendant and others from like conduct in the future. Whether to award Plaintiff punitive damages and the amount of those damages are within your sound discretion.

In determining whether to award punitive damages, and what amount, against the Defendant, you may consider the following factors:

1. The nature of the Defendant's conduct under the totality of the circumstances;

2. The frequency of the Defendant's conduct;

3. How reprehensible the Defendant's conduct was toward the Plaintiff;

4. What amount of punitive damages, in addition to the compensatory damages already awarded, is needed, considering the Defendant's financial condition, to punish the Defendant for its wrongful conduct toward the Plaintiff and to deter the defendant and others from similar wrongful conduct in the future;

5. The amount of fines and civil penalties applicable to similar conduct; and

6. Whether the amount of punitive damages bears a reasonable relationship to the compensatory damages awarded.

You cannot award punitive damages against the Defendant unless you have already found that that Defendant arrested Plaintiff for obstruction with force or violence or the threat thereof without arguable probable cause therefor, that such arrest directly caused Plaintiff's injury and, in addition, that the Defendant's arrest of the Plaintiff was reckless and callously indifferent to Plaintiff.

14

Questions 2 and 3 of the Special Verdict Form relate to damages.

The fact that I have instructed you as to the proper measure of damages should not be considered as intimating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance in the event you should find in favor of the Plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in court. A form of special verdict has been prepared for your convenience. You will take this form to the jury room.

**[Read and explain special verdict form.]**

You will note that some of the questions call for a "Yes" or "No" answer. The answer to each question, whether it calls for a "Yes" or "No" answer, must be the unanimous answer of the jury. Your foreperson will write the unanimous answer of the jury in the space provided under each question. Finally, you will note that certain questions do not require a "Yes" or "No" answer, but require you to fill in a dollar amount. As with all other questions, your answer to these questions must be the unanimous answer of the jury. After you have completed answering the questions, the foreperson will then date and sign the special verdict as so completed, and you will then return with it to the courtroom.

It is my feeling that the attitude and conduct of jurors at the outset of their deliberations is a matter of extreme importance. It does not appear to me to be prudent

for a juror upon entering the jury room to make an emphatic expression as to his or her opinion on the case or to announce a determination in advance to stand for a particular verdict. When one does this in the beginning, one's sense of pride becomes involved and one might later hesitate to recede from an announced position even if it is later proven to be in error. Remember, you are not partisans and you are not advocates in this case, but rather, you are the judges.

You have been allowed to take notes during the course of the trial and you may take those notes with you to the jury room. You should not consider these notes binding or conclusive, whether they are your notes or those of another juror. The notes should be used as an aid to your memory and not as a substitute for it. You should not give greater weight to a particular bit of evidence solely because it has been reduced to writing. I want to make clear to you that it is your recollection of the evidence that should control, and you should disregard anything contrary to your recollection which may appear from your own notes or those of another juror.

The verdict must represent the considered judgment of each of you. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with a view to reaching an agreement, if you can do so consistent with your individual judgment. Each of you must decide the case for yourself, but do so only after a full consideration of the evidence with your fellow jurors. In the course of your deliberations, reexamine your own views and do not hesitate to change your mind if you find that you are mistaken. However, do not surrender your honest conviction as to the weight or effect of evidence

solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

The final test of the quality of your service will be in the verdict which you as a jury return to this court.  You will make a definite contribution to the efficient administration of justice if you arrive at a just and proper verdict.

If it becomes necessary during your deliberations to communicate with the court, you may send a note by a bailiff, signed by your foreperson or by one or more members of the jury.  No member of the jury should ever attempt to communicate with the court by any means other than a signed writing, and the court will never communicate with any member of the jury on any subject touching the merits of the case other than in writing, or orally here in open court.

You will note from the oath about to be taken by the bailiff that he too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person–not even to the court– how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

It is proper to add the caution that nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find.  What the verdict shall be is your sole and exclusive duty and responsibility.

Now, ladies and gentlemen of the jury, this case is in your hands. I am sure that you recognize and realize that it deserves your most serious and careful consideration. Just look at the evidence you heard, consider all of the facts and circumstances shown by this evidence, give it your best judgment and consideration, and conscientiously determine what you think the truth of the matter is and act accordingly.