# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Richard Joseph Jacobson,                           Civil No. 07-4420 (DWF/RLE)

           Plaintiff,

v.                                         **ORDER AND MEMORANDUM**

Dan Mott,

           Defendant.

---

Randall D. B. Tigue, Esq., Randall Tigue Law Office, PA, counsel for Plaintiff.

Jason M. Hiveley, Esq., and Jon K. Iverson, Esq., Iverson Reuvers, LLC, counsel for Defendant Mott.

---

This matter is before the Court on the Motion for New Trial brought by Plaintiff Richard Joseph Jacobson ("Plaintiff") pursuant to Rule 59 of the Federal Rules of Civil Procedure. Defendant Dan Mott ("Defendant") opposes the motion.

Based upon the presentations and submissions of counsel, the Court having reviewed the contents of the file and evidence in this case, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

1.      Plaintiff's Motion for New Trial (Doc. No. 90) is **DENIED**.

Dated: June 3, 2009                       s/Donovan W. Frank
                                               DONOVAN W. FRANK
                                               Judge of United States District Court

**MEMORANDUM**

Plaintiff sued Defendant, a deputy sheriff for the Mille Lacs County Sheriff's Office, contending that Defendant arrested Plaintiff without probable cause for obstructing legal process with force or violence or the threat thereof in violation of Minnesota Statute section 609.50. Plaintiff argued that Defendant fabricated this charge in order to hold Plaintiff in jail over a weekend, which was longer than the Plaintiff could otherwise have been held. This Court held trial on the matter from March 30, 2009, until April 1, 2009. The jury returned a verdict in favor of the Defendant on April 1, 2009. Plaintiff moves for a new trial under Rule 59 of the Federal Rules of Civil Procedure.

Under Rule 59, the Court may grant a motion for a new trial to all or any of the parties on all issues or on particular issues. Fed. R. Civ. P. 59(a). The standard for granting a new trial is whether the verdict is against "the great weight of the evidence." *Butler v. French,* 83 F.3d 942, 944 (8th Cir. 1996). In evaluating a motion for a new trial under Rule 59(a), the Court must determine whether a new trial should be granted "to avoid a miscarriage of justice." *McKnight v. Johnson Controls, Inc.,* 36 F.3d 1396, 1400 (8th Cir. 1994).

Plaintiff's motion is based on two arguments. First, Plaintiff contends that this Court erred with regard to its instruction to the jury regarding the terms "force or violence." Second, Plaintiff contends that this Court erred by refusing to allow him to introduce evidence informing the jury that Plaintiff was acquitted in a criminal trial of the lesser charge of simple obstruction. The Court addresses each argument in turn.

**I.    Force or Violence Instruction**

The issue in this case was whether Defendant had arguable probable cause to arrest Plaintiff for obstructing legal process with force or violence or the threat thereof. Plaintiff requested that an instruction regarding the meaning of the terms "force or violence" be given to the jury based on a reference in the commentary of Minnesota criminal jury instruction guide ("CRIMJIG") section 24.26.  *See* 10A Minn. Dist. Judges Ass'n, Minnesota Practice, Jury Instruction Guides-Criminal, CRIMJIG 24.26 (5th ed. 2006).  The commentary for CRIMJIG 24.26 instructs the reader to look to CRIMJIG 12.01 for the definition of force or violence.  The title of CRIMJIG 12.01 is "'Force' and 'Coercion' defined for Criminal Sexual Conduct."  10 Minn. Dist. Judges Ass'n, Minnesota Practice, Jury Instruction Guides-Criminal, CRIMJIG 12.01 (5th ed. 2006). The definition provided reads as follows:

> The term "force" means intentionally inflicting, attempting to inflict, or threatening to inflict bodily harm upon another, or intentionally causing fear in another of immediate bodily harm.  ("Bodily harm" means physical pain or injury, illness, or any impairment of physical condition.)  "Force" also includes committing any crime against another, or threatening to commit a crime, if the other was reasonably caused to believe that the person making the threat had the present ability to execute the threat, and the other was caused to submit thereby.

*Id*.  The Court declined to give this instruction.  Instead, the Court instructed the jury that "[t]he terms "force" and "violence" are distinct and common terms that you are to construe according to their common usage and understanding." (Final Jury Instructions, Doc. No. 86, at 9.)

Plaintiff argues that this Court's instruction was materially misleading. The Court's instruction was based on *State v. Engholm*, in which the Minnesota Supreme Court considered a jury instruction regarding these terms in connection with a prosecution under Minnesota Statute section 609.50. 290 N.W.2d 780, 784 (Minn. 1980). The Minnesota Supreme Court affirmed the trial court's instruction to the jury that the terms "force or violence or the threat thereof" were to be construed according to common usage and stated that "the words have such a distinct and common usage that they require no further definition." *Id*. at 784, 785.

Plaintiff argues that the law regarding obstruction offenses has evolved since *Engholm* was decided and that *Engholm*'s reasoning is no longer valid. Plaintiff contends that Minnesota appellate courts have determined that some level of physical interference is necessary for even simple obstruction, suggesting that a higher degree of interference such as that described in the definition of "force" found in CRIMJIG 12.01, is necessary for the charge of obstruction with force or violence.

The Court disagrees. First, the Court notes that the Plaintiff's characterization of the law regarding obstruction offenses is not entirely accurate. There are instances in which "fighting words" may constitute obstruction. *State v. Krawsky*, 426 N.W.2d 875, 877 (Minn. 1988); *see also State v. Wybierala*, No. C2-95-1395, 1996 WL 5816 (Minn. Ct. App. Jan. 9, 1996) (conviction for obstruction of legal process using force or violence upheld where defendant told police officer that officer would be attacked by dogs if he entered defendant's property and officer was required to draw his weapon and threaten to shoot the dogs). Therefore, a physical act on the part of the one charged is not necessary

4

for an obstruction offense to occur. Rather, the statute focuses on the physical state of the officer and requires that a defendant's conduct, be it words or actions, in some way physically obstructs or interferes with the officer involved. *See Krawsky*, 426 N.W.2d at 877 (stating that "the statute may be used to punish a person who runs beside an officer pursuing a felon in a public street shouting and cursing at the officer if the shouting and cursing physically obstructs the officer's pursuit and if the person intends by his conduct to obstruct or interfere with the officer"); *State v. Tomlin*, 622 N.W.2d 546, 548 (Minn. 2001) (holding evidence was insufficient to sustain obstruction conviction where defendant lied to officers, lengthening the time it took to apprehend suspects of investigation, but defendant's false statements did not physically obstruct police from attempting to obtain evidence). Conversely, the addition of the terms "force or violence or the threat thereof" to establish a gross misdemeanor offense creates a requirement of a physical act or threat thereof on the part of the one charged. The Court is not persuaded, however, that this distinction or the case law decided subsequent to *Engholm* remove the terms "force or violence" from the common understanding of jurors. Further, *Engholm* has never been overruled and its reasoning remains good law at this time, notwithstanding any subsequent developments regarding other aspects of the interpretation of the obstruction statute.

Second, Plaintiff argues that the term "force" is specifically defined in another criminal statute, Minnesota Statute section 609.341, subdivision 3, and that where a term is defined in one statute it should be construed identically in interpreting another statute.

Plaintiff argues there is no basis for using any different definition in the context of obstruction offenses. The Court, however, disagrees.

Minnesota Statute section 609.341 contains definitions for sex crimes and contains the following definition:

> "Force" means the infliction, attempted infliction, or threatened infliction by the actor of bodily harm or commission or threat of any other crime by the actor against the complainant or another, which (a) causes the complainant to reasonably believe that the actor has the present ability to execute the threat and (b) if the actor does not have a significant relationship to the complainant, also causes the complainant to submit.

Minn. Stat. § 609.341, subd. 3. This definition is the basis for the instruction on the term "force" found in CRIMJIG 12.01. The Court is not persuaded that this definition of force is required for an instruction regarding force and violence used in connection with obstructing legal process. There are differences in context between sex crimes and obstruction that suggest the same definition may not be equally applicable in both arenas. For instance, the force necessary to obstruct legal process would be very different from the force necessary to subdue a child sexual assault victim. The concept of force used in sex crime cases, therefore, must be fluid enough to encompass the special, varied circumstances presented by crimes of sexual assault. Further, the legislative history indicates that a similar definition of force, a predecessor to the current definition in section 609.341, existed at the time the Minnesota Supreme Court decided *Engholm*, yet

the court did not rely on this definition and instead explicitly stated that no specific definition was necessary in connection with an obstruction prosecution.[1]

Finally, Plaintiff argues that a Minnesota appellate court has endorsed the CRIMJIG 12.01 instruction in connection with an obstruction offense, contrary to a statement by this Court that no appellate court had so held. The Court does not consider this an accurate characterization of appellate case law or of the record in this case.

In *State v. Clancy*, an unpublished decision of the Minnesota Court of Appeals, the court reviewed a jury instruction based on CRIMJIG 12.01 given in a prosecution for obstructing legal process with force or violence or the threat thereof. No. C9-01-710, 2002 WL 233913 (Minn. Ct. App. Feb. 19, 2002). In *Clancy*, the defendant's conviction

---

[1] Following the completion of briefing on Plaintiff's motion for new trial, Plaintiff submitted a letter drawing the Court's attention to a recent Minnesota Court of Appeals decision that Plaintiff believed supported his position, *City of Jordan v. Church of St. John the Baptist of Jordan*, 764 N.W.2d 71 (Minn. Ct. App. 2009). In this decision, the Court of Appeals construed the terms "roads or streets" in Minnesota Statute section 315.42 by looking to the definition of the terms "street or highway" found in Minnesota Statute section 169.011, subd. 81. *City of Jordan*, 764 N.W.2d at 74. Plaintiff argues that this decision supports his proposition that a term in one statute should be interpreted by reference to a definition of the same term contained in another statute. The Court has reviewed the decision and finds it to be inapplicable to this case. First, the Court of Appeals did not automatically apply the definition in Chapter 169, but instead looked to case law substantially contemporaneous with the enactment of the predecessor to section 315.42 and determined that the definition in Chapter 169 was sufficiently consistent to permit its usage. This Court, on the other hand, has determined that obstruction and sexual crimes are sufficiently different that a definition used in connection with one may not be equally applicable for the other. Further, the Court of Appeals noted that words and phrases are construed according to their common and approved usage unless they are technical words with a special meaning or are defined. *See* Minn. Stat. § 645.08(1). In *Engholm,* the Minnesota Supreme Court expressly indicated that the terms force and violence in the obstruction statute were to be construed according to their common and approved usage, and so indicated that these are not technical or defined terms in the obstruction context.

7

was upheld because the defendant had moved aggressively toward the officer yelling obscenities and telling the officer, "You're mine," causing the officer to fear for his safety and mace defendant, and the defendant rolled around with the officer on the ground during the officer's attempt to handcuff the defendant. *Id.* at *1-*2. On appeal, the defendant argued that the trial court erred by refusing to instruct the jury that oral statements cannot alone constitute obstruction. The court disagreed, noting that the defendant's actions fit the definition of force given to the jury.

The defendant in *Clancy*, however, did not challenge the instruction given to the jury regarding the definition of force and, therefore, the court did not have an opportunity to opine on whether that definition was required and another precluded. As a result, *Clancy* does not constitute an *endorsement* of the definition provided in CRIMJIG 12.01, contrary to Plaintiff's arguments. Further, as *Clancy* is an unreported decision of the Minnesota Court of Appeals, it does not override the clear statement of the Minnesota Supreme Court in *Engholm* that no specific definition of the terms "force" and "violence" is required because these are commonly understood terms. The Court also notes, with due respect to the Minnesota District Judges Association, that a comment to a CRIMJIG provided without additional explanation lacks sufficient persuasive force to call into question established Minnesota Supreme Court precedent.

In addition, the Court continues to conclude that no Minnesota appellate decision holds that the use of the definition of force in CRIMJIG 12.01 is required to define the word in any or all other contexts. The Court bases this opinion on the fact that *Engholm*

remains good law, and neither *Clancy*, nor any other case, holds that the definition in CRIMJIG 12.01 is required or has mandated the use of this definition over any other.[2]

The Court concludes that its instruction regarding the "terms force or violence or the threat thereof" was based soundly on Minnesota law and adequately instructed the jury in its consideration of the Plaintiff's allegations. The Defendant testified that Plaintiff pulled away from him as the Defendant was attempting to arrest the Plaintiff, that the assistance of another law enforcement officer was needed to subdue the Plaintiff, and that even after Plaintiff was placed against a car so that he could be handcuffed, he continued to push up with his arms against the Defendant. The Defendant's testimony was corroborated by the testimony of Minnesota State Trooper Reed Bye, who assisted with the Plaintiff's arrest. Determining whether to believe this testimony was within the province of the jury, and sufficient evidence existed in the record to support the jury's verdict for the Defendant. The Court concludes that there was no miscarriage of justice and that its instruction does not warrant a new trial.

## II. Evidence of Plaintiff's Acquittal

The core of Plaintiff's case was based upon his allegation that Defendant fabricated a charge of obstruction with force or violence or the threat thereof, a gross misdemeanor, in order to hold Plaintiff in jail over the weekend. Plaintiff contended that had he simply been arrested on his existing warrant he would have bailed out of jail the night of his arrest. Similarly, had Plaintiff been arrested only for simple obstruction, a

---

[2] In fact, mandating the definition found in CRIMJIG 12.01 would contradict the Minnesota Supreme Court's decision in *Engholm*.

9

misdemeanor, he would have merely received a citation. *See* Minn. R. Crim. P. 6.01. Plaintiff's case, therefore, hinged upon the imposition of the gross misdemeanor charge and harm he allegedly suffered as a result.

The issue before the jury in this case was whether arguable probable cause existed to charge Jacobson with obstructing legal process with force or violence or the threat thereof. Probable cause exists to charge a person with a crime "if, at the moment the arrest was made, the facts and circumstances within the officers' knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent person in believing that an offense had been committed." *United States v. Rivera*, 370 F.3d 730, 733 (8th Cir. 2004) (citing *United States v. Wajda*, 810 F.2d 754, 758 (8th Cir. 1987). Defendant, however, would be protected by qualified immunity if "arguable probable cause" existed. *Gorra v. Hanson*, 880 F.2d 95, 97 (8th Cir. 1989). Therefore, the jury was required to determine whether Defendant's actions in arresting Plaintiff for a gross misdemeanor obstruction crime were "objectively reasonable" in light of the facts and circumstances confronting the Defendant. *Guite v. Wright*, 147 F.3d 747, 750 (8th Cir. 1998) (quoting *Graham v. Connor*, 490 U.S. 386, 397 (1989)). This standard expressly acknowledges that law enforcement officers may be wrong in determining that probable cause exists for an arrest, yet may still be protected by qualified immunity so long as their actions were reasonable.

Plaintiff argues that the Court erred by refusing to permit him to introduce evidence that he was acquitted of simple obstruction. Plaintiff's logic in requesting to present this evidence is based on the following sequence of ideas: Plaintiff was acquitted

of the lesser charge of simple obstruction and such evidence could suggest an even lesser likelihood that he committed the greater gross misdemeanor obstruction offense, which could lead to the conclusion that probable cause did not exist for the arrest, which could suggest that Defendant's actions in arresting Plaintiff for the gross misdemeanor obstruction offense were not objectively reasonable and, therefore, were without arguable probable cause.

There are several reasons for excluding evidence of the acquittal, even though it precluded the Plaintiff from making this argument. First, the jury was explicitly instructed that the state court in Plaintiff's criminal case determined that probable cause did not exist for the gross misdemeanor obstruction charge. Therefore, the jury was already informed as to the most probative part of Plaintiff's argument. Yet, the determination that probable cause was lacking for this charge did not bear on the ultimate issue in the case: namely, whether arguable probable cause existed at the time of the arrest. Plaintiff's acquittal on the simple obstruction charge reflected the prosecution's failure to prove that he committed this offense beyond a reasonable doubt. This acquittal, like the state judge's probable cause determination, was not probative of the question of whether arguable probable cause existed to arrest Plaintiff for the gross misdemeanor at the time of the arrest. Determining the answer to this question depended on the jury's fresh review of the facts relating to the arrest, including the conflicting testimony of the Plaintiff and the Defendant as to the Plaintiff's actions that night, and an assessment of whether Defendant's actions were objectively reasonable.

Second, the misdemeanor charge was not, and could not have been, subject to any further review or fact finding. In *Crumley v. City of St. Paul, Minn.*, 324 F.3d 1003, 1006-1007 (8th Cir. 2003), the Eighth Circuit held that a plaintiff alleging probable cause was lacking for her arrest was collaterally estopped from raising the issue in a proceeding under 42 U.S.C. § 1983 because the issue had been litigated and decided against her in her criminal proceeding. Similarly, the misdemeanor simple obstruction charge against Plaintiff was litigated in state court and the court decided that probable cause did exist for this charge. This Court expressly noted in its Memorandum Opinion and Order dated January 15, 2009, that it was precluded from considering the basis for this charge. (Doc. No. 46 at n.6, n.9.) Providing information to a jury about a charge not before them, about which they could find no facts and which was unreviewable by this Court would, at best, have caused confusion as to the issues actually before them, and at worst would have prejudiced the Defendant.

Plaintiff also argues that it was error for this Court not to permit introduction of evidence about his acquittal of simple obstruction based on *Gill v. Maciejewski*, 546 F.3d 557 (8th Cir. 2008). In *Gill*, the Eighth Circuit upheld a verdict against a defendant police officer for having used excessive force in arresting the plaintiff. During the trial, in order to suggest he had not used excessive force, the officer argued that the plaintiff failed to call him as a witness during the criminal trial resulting from the plaintiff's arrest because the officer lacked relevant knowledge of the incident. The district court, concerned that the jury might be confused, gave an instruction clarifying a criminal defendant's evidentiary burden and the fact that criminal defendants have no burden to

call witnesses or produce evidence. The district court further instructed the jury of the plaintiff's acquittal in the criminal case because it would have been unfairly prejudicial for the jury to be informed of the prosecution, but not of the outcome.

*Gill* does not require the result Plaintiff wishes. Here, this Court's instructions clearly informed the jury as to the outcome of the charge at issue in this case, the gross misdemeanor charge of obstruction with force or violence or the threat thereof. The Plaintiff's criminal charge as to the misdemeanor simple obstruction offense was not before the jury and, therefore, an instruction as to its outcome was not required to prevent prejudice to the Plaintiff as was the circumstance in *Gill*.

The Court concludes that Plaintiff was not prejudiced by the Court's exclusion of evidence regarding his acquittal of the simple obstruction charge. Moreover, neither the interests of justice nor the evidence in this case support Plaintiff's motion for new trial. Therefore, a new trial is not warranted and the Court denies Plaintiff's motion.

D.W.F.